RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/22/09

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE SANDBAGGER CORP. | * | CIVIL ACTION NO. 6:08-1188 |
| VERSUS | * | JUDGE RICHARD T. HAIK, SR. |
| CITY OF YOUNGSVILLE and DAVIS MACHINE & MANUFACTURING, L.L.C. | * | MAGISTRATE JUDGE HILL |

## REASONS FOR JUDGMENT

The Sandbagger Corp. (hereinafter referred to as "Sandbagger") filed instant lawsuit against the City of Youngsville and Davis Machine & Manufacturing, LLC for Patent Infringement and Unfair Trade Practices. The City of Youngsville and Davis Machine & Manufacturing, L.L.C. filed the instant Motions for Summary Judgment on the basis that there is no genuine issue of material fact with respect to plaintiff's claims for patent infringement and Unfair Trade Practices.

## FACTUAL BACKGROUND

Sandbagger is the owner of and assignee of all rights under United States patent numbers: 5,417,261; 5,437,318; 5,740,950; 6,047,563; and 6,059,149. Under protection of those patents, Sandbagger manufactures the Model II Sandbagger.

At some point in 2003, the Mayor of Youngsville, Wilson Viator, the Town Manager of Youngsville, Charles Langlinais, and a Davis Machine representative, Darryl Davis, together examined a Model II Sandbagger previously sold by Sandbagger to the City of Broussard. Youngsville then requested that Davis Machine build a machine that would perform the same function as the Model II Sandbagger. Davis Machine subsequently built the sandbagging machine and Youngsville purchased the sandbagging machine from Davis Machine. Youngsville

has since used the Davis Machine sandbagging machine and continues to retain possession of the machine.

Youngsville thereafter placed on its website a narrative entitled the "Youngsville Sandbag Facility" which uses, verbatim, the language used in Sandbagger's brochure and materials to describe the sandbagging machine that Youngsville purchased from Davis Machine.

The Sandbagger Corp. (hereinafter referred to as "Sandbagger") filed instant lawsuit against the City of Youngsville and Davis Machine & Manufacturing, LLC for Patent Infringement and Unfair Trade Practices. Youngsville and Davis Machine have now filed motions for summary judgment to have Sandbagger's lawsuit for patent infringement and unfair trade practices dismissed.

## LAW AND ANALYSIS

*- SUMMARY JUDGMENT STANDARD*

Summary judgments is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). "In determining whether there is a genuine issue of material fact, the evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved in favor of the opponent. If there are no material facts in dispute precluding summary judgment, our task is to determine whether the judgment granted is correct as a matter of law." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001).

The only fact recognized by Youngsville and Davis Machine as being undisputed is that "[o]n or around August 21, 2003 and thereafter, the sandbagging machine owned by the City of Broussard did not have any markings to indicate that the sandbagging machine was patented or protected by any form of intellectual property rights."

Sandbagger argues that there is a dispute as to whether or not substantially all Model II Sandbaggers sold by the Sandbagger Corp. are labeled with the applicable patent number at the time they are assembled and that fact is material to this case.

I. *PATENT INFRINGEMENT CLAIM*

Under 35 U.S.C. § 287(a), a patentee such as Sandbagger "may give notice to the public that [a patented machine] is patented, either by fixing thereon the word 'patent' or the abbreviation 'pat.', together with the number of the patent..." 35 U.S.C. § 287. If a patentee fails to mark its machines pursuant to 35 U.S.C. § 287(a), then "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." *Id.* The federal courts interpreting 35 U.S.C. § 287(a) explain that under this statute, a patentee may notify a party it believes is infringing its patent by (1) constructive notice through appropriate marking on the product or label, or (2) actual notice to the alleged infringer. *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1469 (Fed. Cir. 1997). The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer. *Amsted Industries Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

Compliance with the marking statute is a question of fact. *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed.Cir.2001) *cert. denied*, 534 U.S. 1114, 122 S.Ct. 921, 151 L.Ed.2d 886 (2002). Consequently, the marking issue "is properly decided upon summary judgment when no reasonable jury could find that the patentee either has or has not provided actual notice to the particular defendants by informing them of his patent and their infringement of it." *Id.*

<u>Actual Notice Requirement</u>

Under Section 287(a), actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). "The actual notice under § 287(a) 'must be an affirmative act on the part of the patentee which informs the defendant of infringement.'" *Lans v. Digital Equipment Corp.*, 252 F.3d 1320, 1327-1328 (Fed.Cir. 2001)(citing *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994)).

1) Actual Notice to the City of Youngsville

Sandbagger alleges to have provided Youngsville with a brochure, video and other descriptive materials pertaining to the Model II Sandbagger in July of 2003, at their request. The brochure that is alleged to have been sent to Youngsville was attached as an exhibit to Sandbagger's opposition to the instant motion and provides on the cover, that the machine is "[p]rotected by U.S. patent." Further, Youngsville has attached letters dated March 22, 2007 and July 7, 2008, respectively, notifying Youngsville of their alleged infringement. Youngsville does not provide any evidence to the contrary. Rather, Youngsville appears to have couched its defense on the fact that the machine that it inspected in the City of Broussard was not marked as patented.

From the facts currently before the court, there exists a genuine issue of fact as to if, and when, Youngsville was provided with actual notice of its infringement. Summary judgment, therefore, would not be proper on this issue.

2) Actual Notice to Davis Machine & Manufacturing

Sandbagger alleges that it informed the City of Youngsville of the existence of its patent on several different occasions. However, Sandbagger has not alleged, nor has it produced any evidence that it informed Davis Machine by some affirmative, or otherwise overt, act. Thus,

there does not appear to be a genuine issue of fact as to whether or not actual notice of the patent infringement was provided to Davis Machine by Sandbagger.

*Constructive Notice Requirement*

Constructive notice is provided when the patentee consistently marks substantially all of its patented products. *Sentry Protection Prods., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005). The patent marking must be "substantially consistent and continuous" for it to qualify as constructive notice. *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998). "In determining whether the patentee marked its products sufficiently to comply with the constructive notice requirement, the focus is not on what the infringer actually knew, but on whether the patentee's actions were sufficient, in the circumstances, to provide notice in rem." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998), cert. denied, 528 U.S. 946 (1999). "The purpose of the constructive notice provision is to give patentees the proper incentive to mark their products and thus place the world on notice of the existence of the patent." American Med. Sys., Inc. v. Medical Engineering Corp., 6 F. 3d 1523, 1538 (Fed. Cir. 1993).

In this case, Sandbagger has alleged, through the affivdavit of its President, Timothy Vandergrift, that substantially all of the Model II Sandbaggers are labeled with the applicable patent number at the time they are assembled. To date, neither Davis Machine, nor the City of Youngsville, has offered any evidence to refute the affidavit of Timothy Vandergrift. The fact that the machine inspected by Youngsville and Davis Machine was not marked as patented does not preclude there being a genuine issue of fact as to whether substantially all of Sandbagger's Model II Sandbaggers are marked, sufficient to preclude summary judgment on this matter at this time.

This court finds that there is a genuine issue of fact as to whether substantially all of Sandbagger's Model II Sandbaggers are marked as patented, which is material to determining the viability of Sandbagger's claims against Youngsville and Davis Machine for patent infringement.

*Sandbagger's claims for Damages and Injunctive Relief*

Patentees must comply with the Marking statute in order to recover damages for infringement. The statute provides in relevant part:

> Patentees ... making, offering for sale, or selling ... any patented article ... may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure to so mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a).

"When a patented article has been produced by a patentee or its licensee, the amount of damages the patentee can recover in an infringement suit is statutorily limited to those acts of infringement that occurred after the patentee gave the alleged infringer 'notice of infringement.' 35 U.S.C. § 287(a) (1994). The statute permits either constructive notice, which is accomplished by marking the article with the patent number, or actual notice." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001). As stated above, compliance with the marking statute is a question of fact and is only properly decided upon summary judgment when no reasonable jury could find that the patentee either has or has not provided actual or constructive notice to the particular defendants by informing them of his patent and their infringement of it."

In this case, a genuine issue of material fact remains with respect to the notice requirement and, thus, summary judgment as to whether damages are recoverable and/or whether injunctive relief is available in this case is premature at this time.

II. *UNFAIR TRADE PRACTICES CLAIM*

Defendant has requested that all of Sandbagger's claims be dismissed, including those brought under the Louisiana Unfair Trade Practices and Consumber Protection Law (hereinafter referred to as the "LUTPA"). The LUTPA grants a private right of action for the recovery of damages to any person who suffers an ascertainable loss...as a result of the use or employment of another person of an unfair or deceptive method, act, or practice declared unlawful by La. R.S. 51:1405." La. R.S. 51:1409. A "person" under the Act includes a natural person, corporation, or any other legal entity. La. R.S. 51:1402(8).

La. R.S. 51:1405(A) provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." The broad language of this statute necessarily requires a case-by-case determination of what constitutes an unfair trade practice. *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 2009 WL 553204, 2 (La.App. 4 Cir. 2009)(citing *Roustabouts, Inc. v. Hamer*, 447 So.2d 543 (La.App. 1 Cir.1984)). Louisiana courts have held that a trade practice is unfair when it offends public policy and when the practice is "immoral, unethical, oppressive, unscrupulous, or substantially injurious" to consumers. *Coffey v. Peoples Mortgage & Loan of Shreveport, Inc.*, 408 So. 2d 1153 (La. App. 2nd Cir. 1981).

Plaintiff cannot bring a claim under LUTPA, unless it is, in fact, either a consumer or a business competitor of the defendant. *Hamilton v. Business Partners, Inc.*, 938 F.Supp. 370 (E.D. La. 1996). A "consumer" is defined by the statute as "any person who uses, purchases, or

leases goods or services." In order to qualify as a "business competitor" and, thus, have standing to maintain a private right of action under Louisiana Unfair Trade Practices and Consumer Protection Law (LUTPA), a plaintiff must actually or potentially engage in business that competes directly or indirectly with defendant as a business competitor. *Tubos de Acero de Mexico, S.A. v. American Intern. Inv. Corp., Inc.*, 292 F.3d 471 (5th Cir. 2002).

Further, Louisiana appellate courts have held that anyone who conspires to injure a party's competitor in violation of the LUTPA is liable in solido with that party. *Camp, Dresser & McKee, Inc. v. Steimle and Assoc., Inc.*, 652 So.2d 44 (La.App. 5 Cir. 1995); see also *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 2009 WL 553204 (La.App. 4 Cir. 2009); *Strahan v. Louisiana*, 645 So.2d 1162, 1165 (La.App. 1 Cir. 8/25/94); *Roustabouts, Inc. v. Hamer*, 447 So.2d 543 (La.App. 1 Cir. 1984); *Southern Tool & Supply, Inc. v. Beerman Precision, Inc.*, 862 So.2d 271 (La.App. 4 Cir. 11/26/03).

In this case, Sandbagger, for all intents and purposes, cannot be considered a "consumer" in this particular case. Thus, for the purposes of this motion for summary judgment, this court proceeds to determine if there is a genuine issue of fact as to whether Sandbagger is a business competitor of either, or both, of the defendants.

*LUTPA Claim Against Davis Machine*

Sandbagger argues that it has a claim against Davis Machine under the LUTPA as a "business competitor." As such, Sandbagger must actually or potentially engage in business that competes directly or indirectly with Davis Machine as a business competitor. In this case, it is undisputed that Davis Machine built a machine similar, and allegedly "identical", to those manufactured by Sandbagger. Davis Machine, then, sold the machine to Youngsville, who was allegedly a potential customer of Sandbagger.

Davis Machine did not address this issue in its Motion for Summary Judgment. Therefore, the facts before the court at this time at least reflect a genuine issue of fact that is material to the viability of Sandbagger's claim against Davis Machine under the LUTPA.

Having determined that there is, at least, a genuine issue of fact with respect to the alleged competitive business relationship between Sandbagger and Davis Machine, it is appropriate for this Court to assess whether a genuine issue of fact exists as to whether or not Youngsville acted in concert with Davis Machine to effectuate an "unethical and unscrupulous" business practice.

*LUTPA Claim Against Youngsville*

In this case, Sandbagger does not contend that it is a "consumer" or a "business competitor" of the City of Youngsville. Rather, plaintiffs have alleged that Youngsville and Davis Machine conspired to perpetrate an "unethical and unscrupulous" business practice and that, as a result, Youngsville is answerable, in solido, with Davis Machine for the damages caused by their alleged actions.

Sandbagger alleges that Youngsville solicited information from Sandbagger concerning the Model II Sandbagger in July of 2003. Sandbagger contends that it responded with a brochure, video, and descriptive materials associated with the Model II Sandbagger. It futher argues that those materials contained schematics and diagrams of the machine as well as notification that the Model II Sandbagger was "Protected by U.S. Patents." Additionally, Sandbagger maintains that in 2003, the Mayor of Youngsville and the Town Manager of Youngsville travelled to Broussard with a Davis Machine representative to examine the Model II Sandbagger previously sold by Sandbagger to the City of Broussard.

In support of these allegations, Sandbagger attached an affidavit of Timothy Vandergrift,

the President of Sandbagger Corp., as well as Sandbagger's phone logs and the Sandbagger brochure and related materials allegedly sent to Youngsville. Youngsville offers no evidence to refute these allegations. Thus, there at least exists a genuine issue of fact as to the concerted efforts of Youngsville and Davis Machine to commit an unfair trade practice which caused damages to Sandbagger.

## CONCLUSION

For all of the above and foregoing reasons, genuine issues of material fact exist with respect to Sandbagger's claims for patent infringement against Youngsville and Davis Machine. Furthermore, this court further finds that genuine issues of material fact exist with respect to Sandbagger's claims against Youngsville and Davis Machine under the LUTPA.

Accordingly, the Motion for Summary Judgment filed by Davis Machine and Manufacturing [Court Doc. #30] is **DENIED**.

Further, the Motion for Summary Judgment filed by the City of Youngsville [Court Doc. #33] is **DENIED**.

THUS DONE AND SIGNED on this the 25th day of August, 2009.

CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

1.